Peter L. Fear
Chapter 7 Trustee
P.O. Box 28490
Fresno, California 93729
(559) 464-5295
trustee@trusteefear.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>MERCED DORIA,<br><br>Debtor. | Case No. 11-17698-B-7<br><br>Chapter 7<br><br>D.C. No. PFT -2<br><br>Date: December 14, 2011<br>Time: 10:00 a.m.<br>Place: Dept. B, Ctrm. 12, 5th Floor<br>      United States Courthouse<br>      2500 Tulare St., Fresno, California<br>Judge: Hon. W. RICHARD LEE |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF EQUITY
IN REAL PROPERTY OF THE BANKRUPTCY ESTATE TO DEBTOR**

Peter L. Fear, Chapter 7 Trustee of the above referenced bankruptcy estate ("Trustee"), respectfully represents as follows:

1. Trustee is the duly appointed qualified and acting Trustee of the above-referenced bankruptcy estate.

2. Debtor filed under Chapter 7 on July 7, 2011, and an order for relief was entered.

3. This Court has jurisdiction over this proceeding under 28 U.S.C. §1334(a). This is a core proceeding under 28 U.S.C. §157(b)(2)(A). This motion is brought pursuant to 11 U.S.C. §363.

Motion to Sell Equity in Real Property to Debtor - 1

4. Among the assets of this bankruptcy estate is a vacant lot, approximately 20 acres in size APN No. 210-160-005 in Tulare County, with limited access, no power, no well.

5. Trustee has received an offer from the Debtor to purchase the equity in this lot for $10,000.00. He has paid $10,000.00 to the bankruptcy estate.

6. In deciding to accept the offer, Trustee took into consideration the fair market value of the real property, less the costs associated with selling the real property, liens on the property, and the Debtor's exemptions claimed on this property. Trustee believes that the maximum amount he could receive if this property were sold would be $40,000. There are liens on the property in the amount of $3,764.65, and the Debtor has claimed $22,500.00 in exemptions. Considering costs of sale and the possibility that Trustee might not be able to receive the sale price indicated above, Trustee believes that sale of the equity to Debtor for the price state above is in the best interests of creditors.

7. There will be no substantial tax consequences to the estate as a result of the sale of the equity.

8. Trustee does not believe that selling the real property would net a higher amount for the creditors of the estate as the expense and delay involved in a sale is not in the creditors' best interest.

9. Said offer is the best and highest offer received for equity in said property and, in the opinion of Trustee, said offer is fair and reasonable.

10. Trustee believes that sale of the equity in the above-described property on the terms set forth above is in the best interest of the creditors of this estate and all parties in interest.

11. Trustee requests that the ten day stay provision of Fed.R.Bankr.P. Rule 6004(g) be waived.

WHEREFORE, Trustee prays:

1. That the Motion be granted.

2. That the Court issue an order authorizing the sale of the equity in the above real property to the Debtor, or nominee, on the terms and conditions described above;

3. For an order authorizing the Trustee to execute all documents reasonably necessary to effectuate the sale of the equity in the real property.

4. For the ten day stay provision of Fed.R.Bankr.P. Rule 6004(g) to be waived.

5. For such other and further relief as the Court deems just and proper.

Dated: 11/15/2011                          /s/ Peter L. Fear
                                           PETER L. FEAR
                                           CHAPTER 7 TRUSTEE